# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| **MALGORZATA KUBIAK**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14 C 6691 |
| | ) | |
| **LEIGH PETERSON**, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

This pro se action by Malgorzata Kubiak ("Kubiak") against Leigh Peterson ("Peterson") and her attorney Bruce O'Neill ("O'Neill") has been assigned to this Court's calendar, with Kubiak's Complaint being accompanied by a Clerk's-Office-supplied printed form of In Forma Pauperis Application ("Application"). Because Kubiak's charges are conclusory in nature, with no real indication as to the basis on which a state court judgment was obtained against her, this memorandum order is issued sua sponte to ascertain the predicate on which this action may go forward.

As indicated in the preceding paragraph, the dispute identified in the Complaint stems from a judgment against Kubiak for $103,240.52, obtained by Peterson (with O'Neill acting as her lawyer) in a Wisconsin state court. That being so, the judgment is entitled to full faith and credit in this District Court under 28 U.S.C. § 1738 and its implementation of Art. IV § 1 of the United States Constitution. That precludes a collateral attack on the judgment itself in this District Court, and the Complaint contains no assertion that Kubiak is pursuing any efforts in the state court system to challenge the judgment.

Although this Court expresses no ultimate views on the matter, the nature of the claim that gave rise to the complained-of judgment may well have an impact on each of Kubiak's asserted predicates for federal jurisdiction:

1. As for diversity of citizenship (see 28 U.S.C. § 1332), such cases as <u>Adams v. Catrambone</u>, 359 F. 3d 858, 861 n.3 (7th Cir. 2004) teach that "when the parties allege residence but not citizenship, the district court must dismiss the suit." This Court rarely does so (in substantial part because a party's residence and the state of his or her citizenship most often coincide) -- but in this instance something more about the controversy other than simply the judgment amount must be provided.

2. As for the Truth in Lending Act, Complaint ¶ 4 refers to "an interstate credit transaction," but once again that characterization alone does not do the job. Kubiak has to flesh out that assertion appropriately.

3. As for the Fair Debt Collection Act, the very case cited by Kubiak (<u>Barlow v. Safety Nat'l Cas. Corp.</u>, 856 F. Supp. 2d 828, 833-34 (M.D La. 2012)) identifies the limited statutory definition of "debt" -- so once again more information is needed from Kubiak.

4. Finally, the Fair Credit Reporting Act prohibits reporting false and fraudulent information. That being so, it would not seem that the <u>truthful</u> reporting of a judgment would necessarily violate that statute.

What all of this boils down to is that at a minimum this Court should be furnished by Kubiak with a copy of the state court complaint against her, so that this Court can ascertain the nature of the claim that ripened into the judgment. That alone may suffice to confirm (or perhaps to

negate) the existence of federal subject matter jurisdiction -- but in all events it should serve as a useful first step.

Accordingly Kubiak is ordered to provide this Court with a copy of that complaint on or before September 19, 2014. At that point this Court can determine what further proceedings are called for.[1]

                                           Milton I. Shadur
                                           Senior United States District Judge

Date: September 4, 2014

---

[1] Meanwhile no action is being taken on the Application.